# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR KENT COUNTY

MELVIN R. THOMPSON,        :

           :      **C.A. No: K14C-12-011 RBY**

        **Plaintiff,**      :

           :

     **v.**             :

           :

**PATSY A. ROBBINS, and**    :

**DAN BRYAN,**           :

           :

        **Defendants.**   :

*Submitted: December 1, 2015*
*Decided: December 17, 2015*

***Upon Consideration of Defendants'***
***Motion for Summary Judgment***
**GRANTED IN PART and DENIED IN PART**

## ORDER

Melvin R. Thompson, *Pro se.*

Sean M. Lynn, Esquire, Baird Mandalas Brockstedt, LLC, Dover, Delaware for Defendants.

Young, J.

## SUMMARY

_____Melvin Thompson ("Plaintiff") filed a libel and slander action against Patsy Robbins ("Defendant Robbins") and her son Dan Bryan ("Defendant Bryan," together with Robbins, "Defendants"). Defendants filed a Motion for Summary Judgment. Because genuine issues of material fact as to same aspects of Plaintiff's claim remain in dispute as to Defendant Robbins, but not as to Defendant Bryan, Defendants' Motion is **GRANTED in part** and **DENIED in part**.

## FACTS AND PROCEDURE

Plaintiff and Defendant Robbins were previously in a relationship together. In February 2013, Defendant Robbins filed a petition for Protection from Abuse ("PFA") in Kent County Family Court against Plaintiff. Therein, Defendant Robbins made allegations that Plaintiff had threatened and stalked her. Family Court issued a temporary PFA order, but ultimately Defendant Robbins failed to obtain a PFA due to insufficient evidence. Contemporary to the filing of the PFA, Defendant Robbins made various statements relating to the PFA and the dissolution of her relationship with Plaintiff to third parties including friends and acquaintances. Defendant Robbins told persons at the Modern Maturity Center and mutual friends of Plaintiff's about the PFA she had filed.[1] She also told Plaintiff's

---

[1] Fredricks Dep. 12:7-22 (attached to Def. Motion as **Exhibit E**) (stating that Defendant Robbins told the President and CEO of the Modern Maturity Center that she had filed a PFA against Plaintiff and that the deponent might be questioned later in relation to the matter); D. Donaway Dep. 16:2-8 (attached to Def. Motion as **Exhibit H**) (stating that deponent was aware of the PFA).

landlady at the time that she felt threatened by Plaintiff's actions.[2] In December 2014, Plaintiff filed an action to recover $99,999.00 in damages for Defendants's alleged libel and slander (collectively, "defamation") arising from the PFA. Defendants filed the instant Motion for Summary Judgment in response, asserting that the judicial privilege bars Plaintiff's defamation action.[3]

## STANDARD OF REVIEW

Summary judgment is appropriate where the record exhibits no genuine issue of material fact so that the movant is entitled to judgment as a matter of law.[4] "Summary judgment may not be granted if the record indicates that a material fact is in dispute, or if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of the law to the circumstances."[5] The court should consider the record in the light most favorable to the non-moving party.[6]

To survive a motion for summary judgment, a plaintiff must establish his *prima facie* case.[7] In Delaware, the elements for a *prima facie* case of defamation are as follows: 1) the defendant made a defamatory statement; 2) concerning the plaintiff; 3) the statement was published; 4) a third party would understand the

---

[2] Warren Dep. 37:19-38:1 (attached to Def. Motion as **Exhibit D**).

[3] *Nix v. Sawyer*, 466 A.2d 407, 410 (Del. Super. 1983).

[4] *Tedesco v. Harris*, 2006 WL 1817086 (Del. Super. June 15, 2006).

[5] *Id.*

[6] *Id.*

[7] *Doe v. Cahill*, 884 A.2d 451, 463 (Del. 2005).

character of the communication as defamatory; and 5) plaintiff was injured as a result of the statement.[8]

Delaware courts apply separate sets of rules for slander and libel.[9] Simply put, "libel is written defamation and slander is oral defamation."[10] Slander generally requires proof of special damages, unless the defamatory statements fall into any of the four categories considered slander *per se*.[11] Slander *per se* includes statements which: "(1) malign one in a trade, business or profession, (2) impute a crime, (3) imply that one has a loathsome disease, or [quaintly enough] (4) impute unchastity to a woman."[12]

The judicial privilege provides absolute protection against a defamation claim in certain situations.[13] To assert the privilege successfully, a defendant must show that: "1) statements [are] issued as part of a judicial proceeding; [and] 2) the alleged defamation is relevant to a matter at issue in the case."[14] A judicial proceeding includes "any hearing before a tribunal performing a judicial function" as well as "all communications appurtenant [to intra-courtroom events] such as

---

[8] *Id.*; *Read v. Carpenter*, 1995 WL 945544 (Del. Super. June 8, 1995).

[9] *Spence v. Funk*, 396 A.2d 967, 970 (Del. 1978).

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *Nix*, 466 A.2d at 410.

[14] *Id.*

conversations between witnesses and counsel, the drafting of pleadings, and the taking of depositions or affidavits *ex parte*."[15] The question of whether the privilege attaches to an allegedly defamatory statement is a question of law for the court.

## DISCUSSION

Defendants' summary judgment motion asserts that all allegedly defamatory statements complained of by Plaintiff are covered by the judicial privilege. There are two parts to Plaintiff's claim. First, Plaintiff seeks recovery from Defendants Robbins and Bryan for the harm that allegations in the PFA application and judicial proceedings caused him. Second, Plaintiff seeks recovery for the harm caused by additional PFA-related statements that Defendant Robbins allegedly made to mutual friends and acquaintances. The first part of Plaintiff's claim is not actionable, because the judicial privilege bars recovery for statements made in court and court filings.[16] The second part of Plaintiff's claim may have merit, but requires further inquiry into the facts.

First, Plaintiff claims that Defendants maliciously filed the PFA containing false allegations of Plaintiff's criminal conduct, thereby causing him harm. Defendants do not respond to this claim, but instead assert that the judicial privilege is a complete bar to any action for the alleged defamation. Because Delaware law clearly indicates that statements made in and relating to judicial proceedings are privileged, Plaintiff cannot recover for defamation on the basis of

---

[15] *Id.* (internal citations omitted).

[16] *Id.*

the PFA.[17] Thus, Plaintiff has no actionable claim against either Defendant for his alleged involvement in the PFA, and summary judgment is appropriate as to Defendant Bryan entirely. Summary judgment as to any claim related to the creation, context or filing of the PFA is appropriate as to Defendant Robbins.

Second, Plaintiff asserts that additional statements made by Defendant Robbins about Plaintiff to friends and acquaintances outside of the judicial proceedings also defamed him and caused him harm. Again, Defendants avoid this claim by asserting that the judicial privilege applies. Plaintiff's Complaint allegations are the antithesis of well-drawn or descriptive or informative. Rather, Plaintiff alleges remarks which Plaintiff evidently took to be "threatening" or "knowingly false," without even alleging a single specific remark. The imprecision of the language itself provides little for a defendant or a Court to address. Yet, at least one deposed witness testified to hearing from Defendant Robbins about Plaintiff's allegedly threatening her.[18] Although the judicial privilege has a broad scope, it does not extend to defamatory statements to third parties which are not relevant to the pending court action.[19] Taken in the light most favorable to Plaintiff as the non-moving party, because these statements conceivably occurred outside of the judicial proceedings and may not have been

---

[17] *Id.* ("The common law rule protecting statements of judges, parties, witnesses and attorneys offered in the course of judicial proceedings from a cause of action in defamation is well-recognized in this jurisdiction.").

[18] Warren Dep. 37:19-38:1 (attached to Def. Motion as **Exhibit D**).

[19] *See id.* at 411 (defining relevance as "a showing that the utterance in question is reasonably germane to the pending action").

relevant to the pending PFA, they may not be privileged, but might give rise to an actionable claim for defamation. Furthermore, such statements could conceivably constitute slander *per se* because they suggest the imputation of criminal actions to Plaintiff.

At this point in the case, the facts in the pleadings have been significantly distilled from depositions, precluding, at this point, a determination on the legal question of whether the judicial privilege covers Defendant Robbins' extrajudicial statements, whatever they may be. Counsel is free to resubmit the motion with additional factual detail showing that Defendant's statements were clearly covered by the privilege. However, at this stage of the proceedings, based upon the information available at this time, the Court cannot grant the Motion for Summary Judgment as to Defendant Robbins.

## CONCLUSION

For the foregoing reasons, the Defendants's Motion for Summary Judgment is **GRANTED in full** relative to Defendant Bryan, and is **GRANTED in part** and **DENIED in part** as to Defendant Robbins.

**IT IS SO ORDERED**.

　　　　　　　　　　　　　　/s/ Robert B. Young
　　　　　　　　　　　　　　　　　　J.

RBY/lmc
oc:　Prothonotary
cc:　Counsel
　　　Mr. Thompson
　　　Opinion Distribution
　　　File